**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **James M. Parks,** ) | Case No. 5:07CV2596 |
| ) | |
| **Petitioner,** ) | **Judge Kathleen M. O'Malley** |
| ) | |
| v. ) | **Magistrate Judge Greg White** |
| ) | |
| **David Bobby, Warden[1]** ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Respondent.** ) | |

Petitioner, James M. Parks ("Parks"), *pro se*, challenges the constitutionality of his conviction in the case of *State v. Parks*, Carroll County, Ohio, Common Pleas Court, 2003 CR 4477. Parks filed his Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on August 27, 2007. Respondent filed his Answer/Return of Writ as well as a supplemental response. (Doc. Nos. 11, 16.) Parks did not file a Traverse. He did, however, file a motion requesting either a stay, leave to amend his complaint, or a dismissal without prejudice. (Doc. Nos. 5, 14, 17.) On July 1, 2008, the Court granted the stay in order for Parks to obtain a final ruling on his motion to withdraw his guilty plea. As exhaustion is now complete, the Court lifts the stay.[2] This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, it is recommended that Parks' Petition by denied.

**I. Summary of Facts**

The state appellate court summarized the facts underlying Parks' convictions in Columbiana and Carroll Counties as follows:

> Appellant, James M. Parks was convicted of rape with force and an age specification, in violation of R.C. § 2907.02(A)(1)(b), a first degree felony,

---

[1] Bennie D. Kelly is the current Warden at Trumbull Correctional Institution and as such is the proper Respondent.

[2] *See State v. Parks*, 124 Ohio St.3d 1418, 919 N.E.2d 216 (Dec. 30, 2009).

> following his jury trial in the Columbiana County Court of Common Pleas. Appellant was deemed a sexual predator and was sentenced to life imprisonment by Judgment Entry dated March 4, 2004.
>
> Following this guilty verdict in Columbiana County, Appellant pleaded guilty to six separate first degree felony counts of rape in Carroll County, Ohio. Appellant was also deemed a sexual predator and was sentenced to two consecutive life sentences on March 4, 2004.

*State v. Parks*, 2005 WL 3536473, *1 (Ohio App. 7th Dist., Dec. 23, 2005). The instant Petition involves the Carroll County conviction.

## II. Procedural History

### A. Conviction

On July 1, 2003, a Carroll County Grand Jury charged Parks with six counts of rape in violation of Ohio Revised Code ("O.R.C.") § 2907.02(A)(1)(b).  (Doc. No. 11, Exh. 1.)

Parks, represented by counsel, pled not guilty. Because the victim was under ten years of age, the Court held a competency hearing whereat the victim was found competent to testify. (Doc. No. 11, Exh. 2, 3.) As his jury trial commenced, Parks entered a guilty plea to all counts. (Doc. No. 11, Exh. 4.)

On March 4, 2004, the trial court sentenced Parks to six life terms and further ordered that " . . . Counts Four, Five and Six be served consecutive to the sentences imposed under Counts One, Two and Three." (Doc. No. 11, Exh. 6.) The court found that consecutive sentences "are not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public and that the defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant, and that the harm caused by defendant's conduct was so great that no single sentence is capable of adequately punishing the defendant." *Id*.

### B. Direct Appeal

On April 2, 2004, Parks, through counsel, filed a Notice of Appeal with the Seventh Appellate District, Carroll County, Ohio, ("state appellate court") raising three assignments of

2

error:[3]

    1.       The trial court erred in finding the nine year old victim competent to testify.

    2.       The appellant was denied his right to effective assistance of counsel.[4]

    3.       The trial court erred in sentencing the appellant to consecutive prison terms.

(Exh. 9.) On December 23, 2005, the state appellate court affirmed Parks' convictions. (Exh. 11.) Parks, *pro se*, filed a timely appeal to the Ohio Supreme Court (Exh. 12), which was dismissed as not involving any substantial constitutional question. (Resp. Exh. 14.)

### C. Application to Reopen Appeal/Postconviction Relief

On March 6, 2006, while Parks' direct appeal was pending in the Ohio Supreme Court, he filed a *pro se* application to reopen his direct appeal pursuant to Ohio App. R. 26(B). (Resp. Exh. 15.) Parks claimed three assignments of error:

    1.       Appellant was denied effective assistance of counsel when he was given bad advice that he had made a deal with the state for an eight-year-sentence to run concurrent with his conviction in Columbiana County.

    2.       The Trial Court prejudiced appellant when it allowed the appellant to plead to a carbon-copy indictment, and it was ineffective assistance of counsel at trial not to inform appellant that he was subject to double jeopardy, and appellate counsel was ineffective for not raising it on appeal.

    3.       The Trial Court prejudiced appellant by not explaining the elements of the charge of rape concerning force or threat of force, also appellate counsel was ineffective for not raising this issue on appeal, in violation of Criminal Rule 11.

(Resp. Exh. 15.)

On May 23, 2006, the state appellate court denied the application to reopen. (Resp. Exh. 16.) No further appeal was pursued.

### D. Motions for Withdrawal of Guilty Plea

---

[3]Parks' trial counsel filed the Notice of Appeal, but new counsel filed the brief setting forth the assignments of error. (Exhs. 8 and 9.)

[4]Parks claimed he was denied effective assistance of counsel as his attorney failed (a) to object to the trial court's finding that the child victim was competent to testify, and (b) to file a motion to suppress the testimony of the child victim. (Exh. 9 at 7.)

3

In the meantime, on April 2, 2004, Parks, through trial counsel, filed a Motion for Withdrawal of Plea to Indictment.[5] The trial court neither held a hearing nor made a ruling. (Resp. Exh. 17.)  More than three years later, on November 5, 2007, proceeding *pro se*, Parks filed with the trial court, a Motion for Leave to Amend/Supplement the Motion for Withdrawal of Plea. (Resp. Exh. 18.) At the time Parks filed the instant Petition, both motions were still pending.

On August 21, 2008, pursuant to a Petition for Writ of *Procedendo* filed by Parks, the state appellate court ordered the trial court to rule on the pending motions. *See State ex rel. Parks v. Olivito*, 2008 WL 3906402, Case No. 08CA855 (Ohio App. 7th Dist., Aug. 21, 2008). On September 25, 2008, the trial court denied the motions. Upon appeal, the state appellate court affirmed, *State v. Parks*, 2009 WL 2929242, Case No. 08 CA 857 (Sept. 10, 2009), and the Ohio Supreme Court declined further review. *State v. Parks*, 124 Ohio St.3d 1418, 919 N.E.2d 216 (Dec. 30, 2009).

### E.  Federal Habeas Petition

On August 27, 2007, Parks filed the instant *pro se* Petition presenting one ground for relief:

> **Ground One**:
> Conviction obtained in violation of the Fifth and Fourteenth Amendments Due Process and Equal Protection by Appellate Counsel failing to properly cite and argue the ineffectiveness of the trial defense counsel in violation of the Sixth Amendment right to both.
>
> **Supporting Facts**:
> Petitioner was denied by the appellate court of appeals' review decision of not finding appellate counsel was ineffective for failing to demonstrate trial defense counsel was ineffective assistance when errors of the trial court on appeal did not render in favor of federal and state law whether Plain Error analysis constituted that court erred in the denial to suppress evidence of the testimony of incompetency hearing (Columbiana County case no. 04 CO 19: Trans. Pgs. 59-60) of a child under the age of 10 yrs old that testimony was coached (Carroll County case no. 04 CA 803: Trans. Pgs. 15-20) when the State had not overcome

---

[5]In the motion, Parks claimed that his plea was not knowing and voluntary as the prosecutor stated on the record that Parks was promised concurrent sentences in a global plea agreement on the convictions in Carroll and Columbiana counties. (Resp. Exh. 17.)

4

> this burden of proof that the inflammatory testimony prejudiced the case to elicit the seriousness and severity whether to deny merging sentenced to non-consecutive terms imposed erroneously by a broken plea promise of 8-years to run concurrently with two individual cases the same when initially the conviction rested on a coerced plea to a carbon-copy indictment which was subject to whether double jeopardy applied to the prosecution because appellate counsel did not sufficiently raise errors on appeal of the trial defense counsel's prejudicial ineffectiveness for not raising these issues or objecting properly at the trial court proceedings whereas the defense counsel was subsequently disbarred from practice of law.

(Doc. No. 1.)

### III. Exhaustion and Procedural Default

#### A. Exhaustion

Petitioners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings. *See* 28 U.S.C. § 2254(b),(c). This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). However, if relief is no longer available in state court, exhaustion can be rendered moot: "If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *see Buell v. Mitchell*, 274 F.3d 347, 349 (6th Cir. 2001).

#### B. Procedural Default

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice. *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (*citing Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). A claim may become procedurally defaulted in two ways. *Id.* First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *Id.*; *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). If, due to petitioner's failure to comply with the procedural rule, the state court declines

5

to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.[6] *Id.*

Second, a petitioner may also procedurally default a claim by failing to raise it in state court and pursue it through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). If, at the time of the federal habeas petition, state law no longer allows a petitioner to raise the claim, it is procedurally defaulted. *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). This second type of procedural default is often confused with exhaustion. Exhaustion and procedural default, however, are distinct concepts. AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n. 28. Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review. *Id*. In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal. *Id*. Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted. *Id*.

The Sixth Circuit uses a four-step analysis to determine whether a claim is procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Under this test, the Court decides (1) whether a petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether a petitioner has demonstrated "cause" and "prejudice." *Id*. at 138-39; *Barkley v.*

---

[6] In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. 785 F.2d at 135. Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause"and "prejudice." *Id*. at 138-39; *Barkley v. Konteh*, 240 F.Supp.2d 708 (N.D. Ohio 2002).

*Konteh*, 240 F.Supp.2d 708 (N.D.Ohio 2002).

A petitioner's procedural default may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error. *Maupin*, 785 F.2d at 138-39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006), *quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id*. Where there is strong evidence of a petitioner's guilt and the evidence supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied. *See United States v. Frady*, 456 U.S. 152, 172 (1982). Ineffective assistance of appellate counsel may constitute cause for a procedural default, *Murray*, 477 U.S. at 488, unless that claim is also procedurally defaulted. *Edwards v. Carpenter*, 429 U.S. 446, 452 (2000).

Finally, a petitioner's procedural default may also be excused where a petitioner is actually innocent in order to prevent a "manifest injustice." *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991). Conclusory statements are not enough – a petitioner must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also Jones v. Bradshaw*, 489 F.Supp.2d 786, 807 (N.D. Ohio 2007).

### C. Application

As best this Court can determine, Parks raises claims premised upon the ineffectiveness of his appellate counsel in failing to argue the following: (1) that trial counsel was ineffective for not objecting to the competency determination of the child victim; (2) that trial counsel was ineffective for failing to properly preserve or defend a negotiated plea where Parks was to receive an eight-year concurrent sentence; and, (3) that trial counsel was ineffective for not properly defending the indictment's "copy cat" counts resulting in a double jeopardy violation.

Respondent contends that Parks defaulted his claims of ineffective appellate counsel as he did not file an appeal with the Ohio Supreme Court.

Parks raised the ineffective assistance of appellate counsel claims in a timely 26(B) motion with the state appellate court. The court denied the application after addressing the merits of the claims. Parks did not appeal to the Ohio Supreme Court. A petitioner must give the highest court in the state an opportunity to rule on his claims. Therefore, Parks procedurally defaulted the claims when he failed to seek review of the state appellate court decision in the Ohio Supreme Court. *See Smith v. State of Ohio Dept. of Rehab. and Corr.*, 463 F.3d 426, 432 (6th Cir. 2006); *see also Wright v. Lazaroff*, 643 F.Supp.2d 971, 994 (S.D. Ohio 2009); *Pishok v. Bobby*, 2007 WL 4521512, *11-12 (N.D. Ohio Dec. 17, 2007). Parks did not file a notice of appeal from the denial of his motion to reopen and may not now file a delayed appeal under Rule II, Section 2(A)(4)(b), Rules of Practice of the Supreme Court of Ohio ("The provision for delayed appeal applies to appeals on the merits and does not apply to appeals involving postconviction relief . . . and App. R. 26(B)"). Furthermore, Parks did not file a Traverse and has not raised any argument as to cause and prejudice or actual innocence. Consequently, any claim that his appellate counsel was ineffective, upon which he bases his only ground for relief, is procedurally defaulted.

Nonetheless, the basis of at least one subclaim now raised in Parks' habeas petition received a full round of review in his direct appeal. There, he asserted that the trial court erred in finding the child victim competent to testify, and that his trial counsel was ineffective in not objecting to the competency ruling. Parks, however, preserved only the ineffective assistance of counsel claim because the competency determination itself is procedurally defaulted pursuant to the contemporaneous objection rule. The Sixth Circuit has held that Ohio's contemporaneous objection rule constitutes an adequate and independent state ground barring federal habeas review and that the application of plain error review by the state court constitutes enforcement of the rule. *See Biros v. Bagley*, 422 F.3d 379, (6th Cir. 2005); *Hinkle v. Randle*, 271 F.3d 239, 244

(6th Cir. 2001).

Here, the state appellate court conducted a plain error review as to the competency determination:

> {¶ 81} The determination of competency is within the sound discretion of the trial judge. The trial judge has the opportunity to observe the child's appearance, manner of responding to the questions, general demeanor, and his or her ability to accurately and truthfully relate facts. *State v. Wilson* (1952), 156 Ohio St. 525, 46 O.O. 437, 103 N.E.2d 552.
>
> {¶ 82} Appellant again argues that the trial court's determination finding the victim competent to testify was in error. However, Appellant's counsel was present throughout the competency hearing, and he neither supplemented the questioning nor did he object to the trial court's decision finding the victim competent to testify. (Tr., pp. 9-23.) Since no objection was made, any error in the trial court's decision is waived unless it constitutes plain error. Crim.R. 52(B). But for plain error, the outcome of the trial must clearly have been different. *State v. Wogenstahl* (1996), 75 Ohio St.3d 344, 357, 662 N.E.2d 311.
>
> {¶ 83} Appellant directs this Court's attention to the Ohio Supreme Court's decision in *State v. Frazier* (1991), 61 Ohio St.3d 247, 574 N.E.2d 483, in support of this assignment. Appellant claims that the Supreme Court absolutely requires a court to address all five factors in assessing a minor's competency to testify. One of these alleged mandatory factors is whether the minor's testimony has been coached.
>
> {¶ 84} However, and contrary to Appellant's claims, the *Frazier* Court lays out those factors a trial court must consider; it does not require a trial court to specifically address and analyze each factor in detail. The *Frazier* syllabus provides:
>
> {¶ 85} "In determining whether a child under ten is competent to testify, the trial court must take into consideration (1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful ." (Emphasis added.) *Id*.
>
> {¶ 86} The *Frazier* decision does not require a trial court to specifically consider and address whether the minor's testimony was coached.
>
> {¶ 87} The trial court in the instant matter asked the minor whether he believed in God and whether he knew the difference between telling the truth and a lie. The minor indicated that he believed in God and that people who did not tell the truth get into trouble and should be punished. He also indicated that he believed he had a duty to God to always tell the truth. (Jan. 15, 2004, Tr., p. 18.) Thus, the trial court adequately considered the minor's ability to differentiate between telling the truth and a lie.

> {¶ 88} Next, Appellant takes issue with the trial court's limited inquiry into whether the minor was coached. The trial court asked the minor whether anyone told him what to say at his competency hearing, and he twice responded, "I don't know." (Jan. 15, 2004, Tr., p. 17.) Thereafter, the trial court did not inquire any further into this issue. Appellant claims on appeal that this constitutes plain error.
>
> {¶ 89} Although the trial court certainly could have inquired further into this issue, its failure to do so does not constitute plain error. Appellant has not shown that absent further inquiry, the outcome of the competency hearing would clearly have been different.
>
> {¶ 90} Further, although certain courts of appeals have held that a court should inquire as to whether a minor was coached, Appellant fails to provide any caselaw mandating a court to specifically inquire into this issue.
>
> {¶ 91} Based on the foregoing, the trial court's inquiry in the instant matter was sufficient and its findings were within the court's discretion. Thus, no plain error exists and this assignment of error lacks merit.

*State v. Parks*, 2005 WL 3536473, *9 -10 (Ohio App. 7th Dist., Dec. 23, 2005).

The state appellate court conducted a plain error review and ruled that the outcome of the competency hearing would not have been different even if counsel had requested the court to make other inquiries of the witness. The sole remaining issue is whether trial counsel was ineffective in not entering a contemporaneous objection. While the instant Petition seeks review only through the ineffectiveness of appellate counsel, Parks could have directly raised the exhausted claim that his trial counsel was ineffective. Because Parks is a *pro se* petitioner, "'his pleadings are held to a less stringent standard than those prepared by an attorney' and are liberally construed in his favor." *Humphreys v. United States*, 238 Fed. Appx. 134, 138 (6th Cir. 2007)(*quoting Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006)). Therefore, the Court will consider the ineffective assistance of trial counsel claim for failing to object to the competency determination on the merits.

### IV. Review on the Merits

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

> (d) An application for a writ of habeas corpus on behalf of a person in custody

10

> pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Clearly established federal law is to be determined by the holdings of the United States Supreme Court. *See Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005). However, an explicit statement by the Supreme Court is not mandatory; rather, "the legal principles and standards flowing from [Supreme Court] precedent" also qualify as "clearly established law." *Ruimveld*, 404 F.3d at 1010 (*quoting Taylor v. Withrow*, 288 F.3d 846, 852 (6th Cir.2002)).

A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. at 413. By contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. However, a federal district court may not find a state court's decision unreasonable "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, a federal district court must determine whether the state court's decision constituted an objectively unreasonable application of federal law. *Id.* at 410-12. "This standard generally requires that federal courts defer to state-court decisions." *Strickland v. Pitcher*, 162 Fed. Appx. 511, 516 (6th Cir. 2006)

(*citing Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998)).

To establish ineffective assistance of counsel, a petitioner must demonstrate that his counsel's conduct was so below acceptable standards of representation that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment to the United States Constitution. *See Strickland v. Washington,* 466 U.S. 668 (1984); *United States v. Bavers*, 787 F.2d 1022 (6th Cir. 1985). A petitioner also must demonstrate that a trial counsel's performance prejudiced the petitioner's defense to such an extent that it rendered the proceeding unfair. *Id*. To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In other words, a counsel's deficient performance must have "caused the defendant to lose what he otherwise would probably have won" and it must have been "so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

"[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Mere disagreements by a defendant with tactics or strategies employed by counsel are not enough to support a claim of ineffective assistance of counsel and there is a presumption that the challenged conduct of a petitioner's counsel was a matter of strategy. *Id*. at 689; *see also United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).

Parks argued on direct appeal that his trial counsel's failure to object to the trial court's competency finding violated his constitutional right to due process. The state appellate court ruled as follows:

> {¶ 94} In order to prove an ineffective assistance of counsel claim, a defendant must establish first that his counsel's performance was deficient, and second, that he was prejudiced as a result of counsel's deficiencies. *State v. Thompson* (1987), 33 Ohio St.3d 1, 10, 514 N.E.2d 407.
>
> {¶ 95} In virtually identical arguments with his Columbiana County brief, Appellant's basis for this argument is that his trial counsel failed to object to the trial court's finding that the minor victim was competent to testify. He also

12

> complains that his counsel failed to file a motion to suppress the victim's testimony.
>
> {¶ 96} As addressed earlier herein, a trial court has the discretion to address whether a minor's testimony was coached in assessing his competence to testify. *Payton, supra*, at 706, 696 N.E.2d 240.
>
> {¶ 97} The trial court in this case did address the issue of coaching. The court was evidently satisfied with the minor's responses and his answers as a whole since it found him competent to testify. Although the trial court certainly could have inquired further on this issue, its failure to do so does not rise to the level of ineffective assistance of counsel.
>
> {¶ 98} As for counsel's claimed failure to file a motion to suppress the minor's testimony, this alleged failure can only constitute reversible error if there is a reasonable probability that the motion would have been successful. *State v. Santana* (2001), 90 Ohio St.3d 513, 515, 739 N.E.2d 798.
>
> {¶ 99} Appellant's counsel's claimed failure in the instant matter is once again based on the theory that the minor's testimony was coached. There is limited evidence supporting this claim; specifically, the minor's uncertain response to one question. When asked whether anyone told him what to say, the minor responded, "I don't know." (Jan. 15, 2004, Tr., p. 17.) Notwithstanding this response, the minor thereafter unequivocally demonstrated his understanding and belief that he had an obligation to be truthful. (Jan. 15, 2004, Tr., p. 18.) Thus, the trial court evidently concluded that his subsequent responses clarified his earlier testimony. Accordingly, this assignment lacks merit and is overruled.

*State v. Parks*, 2005 WL 3536473, *9-11 (Ohio App. 7th Dist., Dec. 23, 2005).[7]

While the direct challenge to the competency finding was procedurally defaulted, reviewing that issue on the merits is dispositive of the ineffective counsel claim. Pursuant to Ohio law, the competency of a minor is determined by the child's: (1) ability to receive accurate impressions of fact or to observe acts about which he will testify, (2) ability to recollect those impressions or observations, (3) ability to communicate what was observed, (4) understanding of truth and falsity and (5) appreciation of his responsibility to be truthful. *State v. Frazier*, 61 Ohio St.3d 247, 251, 574 N.E.2d 483, 487 (1991).

The trial court must conduct a *voir dire* examination of witnesses who are minors. *Frazier* at 250-251, *see also State v. Payton*, 119 Ohio App.3d 694 (1997). Through

---

[7]Parks did not raise trial counsel's failure to file a suppression motion in his habeas petition.

13

questioning, the judge must decide whether the child is capable of receiving impressions of facts and events and accurately relating them. *Frazier* at 251. The child should also demonstrate the ability to distinguish truth from falsehood and be able to reasonably identify the consequences of giving false testimony. *State v. Fullerman,* 2001 WL 1700425 (Ohio App. 7th Dist, Aug 14, 2001). *Voir dire* examinations should consist of questions to elicit answers from the child which the court can use to test competency. *Id.* There is no case law requiring a specific number of questions or questions on particular subjects. *Id*.

Because determination of competency is in the sound discretion of the trial judge, *Frazier*, 61 Ohio St.3d at 251, 574 N.E.2d at 487-487, a trial court's determination may not be disturbed absent a clear showing of an abuse of discretion. *State v. Kirk*, 42 Ohio App.3d 93, 94 (1987) *citing State v. Workman*, 14 Ohio App.3d 385, 389 (1984). This deference is given because the trial court is in a better position to observe the child's appearance, fear or composure, general demeanor and manner of answering, and any indication of coaching or instruction as to answers. *Kirk* at 94. Abuse of discretion occurs when a trial court's decision is unreasonable, arbitrary or unconscionable, and is more than an error in law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983); *State v. Adams,* 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). Moreover, pursuant to O.R.C. § 2945.83(C), no judgment of conviction should be reversed in any court, "unless it affirmatively appears in the record that the accused was or may have been prejudiced thereby." When counsel does not preserve an objection for appeal, the plain error standard is applicable. Under that standard, an appellant must demonstrate that the outcome of his case would clearly have been different but for the error he alleges. *State v. Waddell*, 75 Ohio St.3d 163, 166, 661 N.E.2d 1043 (1996).

The state appellate court reviewed the transcript of the competency hearing regarding whether the victim had been coached. It concluded that the trial court must have been satisfied with the victim's answers since it found him competent to testify. The trial court also addressed the coaching issue when the victim was asked whether anyone told him what to say to the judge.

14

The victim's response was: "I don't know." The state appellate court surmised the failure to inquire further or preserve an objection did not rise to the level of ineffective assistance of counsel.

Although the state appellate court conducted a plain error review, it analyzed and considered the *Frazier* standards much as it would normally do under an abuse of discretion review.[8] It specifically held that the trial court's inquiry was sufficient and "its findings were within the court's discretion." *State v. Parks*, 2005 WL 3536473, *10, ¶ 91 (Ohio App. 7th Dist., Dec. 23, 2005). It is fair to conclude that the state appellate court would have reached the same conclusion when reviewing the competency determination under abuse of discretion or, as it did, under a plain error standard. The testimony elicited from the child at the competency hearing met the *Frazier* standards.

The Court is mindful that this case involved a plea of guilty in Carroll County after a jury convicted Parks of raping the same victim in Columbiana County. In both cases, the competency determination was challenged, but upheld on appeal. In this Court's previous Report and Recommendation stemming from the Columbiana County conviction, the separate competency determination was reviewed and determined to meet constitutional muster. *Parks v. Bobby*, Case No. 4:07cv3592 (N.D. Ohio, Oct. 1, 2008) (Doc. No. 24).

Furthermore, the Court's independent review of the instant *voir dire* conducted by the trial court demonstrates that appropriate topics were discussed with the child: what a trial is, what it means to swear to tell the truth, the meaning of an oath, and what happens when a person lies. Following this questioning, the judge found the child to be competent. This Court finds that Parks suffered no federal constitutional deprivation as a result of the competency determination. Since the trial court's competency determination was constitutionally sufficient, counsel's failure to object did not prejudice Parks.

---

[8]*See*, *supra*, pages 9 and 10 for the applicable portion of the state appellate court decision.

## V.  Conclusion

For the foregoing reasons, the Magistrate Judge recommends Parks' Petition be denied.

s/ Greg White<br>
United States Magistrate Judge

Date:     May 25, 2010

## OBJECTIONS

**Any objection to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See* United States v. Walters, 638 F.2d 947 (6th Cir. 1981).  *See also* Thomas v. Arn, 474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**