UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES PARKS, | ) | CASE NO. 5:07CV2596 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **ORDER AND DECISION** |
| DAVID BOBBY[1], Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter appears before the Court on Petitioner's objections to the Magistrate Judge's Report and Recommendation filed on June 16, 2010. (Doc. 24). For the following reasons, Petitioner's first objection is SUSTAINED in part and OVERRULED in part, and the remaining objections are OVERRULED. The Court ADOPTS the Magistrate Judge's Report (Doc. 22) in all aspects other than those discussed herein.

I.  STANDARD OF REVIEW

If a party files written objections to a magistrate judge's report and recommendation a judge must perform a de novo review of "those portions of the report or specified proposed findings or recommendations to which objections is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636 (b)(1).

II. LAW AND ANALYSIS

   A. **That Magistrate Materially Misrepresented the Procedural Posture of This Case when he Recommended that Parks' Grounds 1, 2, & 3 for Relief be Denied.**

---

[1] Bennie Kelly is the current Warden at Trumbull Correctional Institution, where Petitioner is currently being housed.

The Magistrate Judge interpreted Petitioner's claims to be premised upon the ineffectiveness of his appellate counsel in failing to argue the following: (1) that trial counsel was ineffective for not objecting to the competency determination of the child victim; (2) that trial counsel was ineffective for failing to properly preserve or defend a negotiated plea where Petitioner was to receive an eight-year concurrent sentence; and (3) that trial counsel was ineffective for not properly defending the indictment's "carbon copy" counts resulting in a double jeopardy violation.  Petitioner raised the ineffective assistance of appellate counsel claims in a timely filed application for reopening pursuant to Oh.App.R. 26(B).

Petitioner correctly notes that the Magistrate Judge's Report and Recommendation inaccurately stated that he did not appeal the appellate court's denial of his application for reopening to the Ohio Supreme Court.  The Court notes that on January 20, 2006, Petitioner appealed from the appellate court's opinion affirming his convictions.  The January 20, 2006 appeal was dismissed on October 4, 2006 as not involving any substantial constitutional question.  To support his objection, Petitioner points to the August 23, 2006 Ohio Supreme Court order, *State v. Parks*, 110 Ohio St.3d 1468 (Table) (August 23, 2006), indicating that his appeal was not accepted for review.  The Ohio Supreme Court website indicates that this appeal was filed on June 14, 2006.  As the appellate court's decision regarding his application for reopening was filed on May 23, 2006, and Petitioner filed a second notice of appeal to the Ohio Supreme Court on June 14, 2006, it appears that this appeal was indeed from the denial of his application for reopening.

The Court notes that in its attachments to its Return of Writ (Doc. 11), Respondent stated that Petitioner did not appeal from the denial of his application for reopening.  As is required, Respondent attached to its Return of Writ the record of the proceedings in the Ohio State Courts.

The Ohio Supreme Court's August 23, 2006 denial of review does not appear to be included in this voluminous filing.  Petitioner attempted to bring this mistake to the Respondent's attention when he filed his "Motion for a 30 day extension of time to file a traverse, renewed request for stay and request to issue an order to file an amended return of writ" (Doc 12.), to which he attached the same documents he attached to his objections to the report and recommendation.  The Magistrate Judge granted Petitioner's request for a 30 day extension, but denied the remaining requests.  In his report and recommendation, the Magistrate Judge stated that no appeal from the denial of the application for reopening was pursued and therefore Petitioner's claims on this issue were procedurally defaulted.  Because of this default, the Magistrate Judge did not review the merits of the second and third prong of Petitioner's claim.[2]  This was in error.  Petitioner's objection is sustained insofar as the Magistrate Judge incorrectly stated that "[n]o further appeal was pursued" and therefore did not review the merits of his second and third arguments.

Despite the confusion in the record and the fact that the Court sustains Petitioner's objection on this point, the Court further concludes that this error was harmless.  A review of the record supports the ultimate recommendation of the Magistrate Judge; that the petition should be denied.

> Under the AEDPA, a writ of habeas corpus is appropriate only if the proceeding:
>
> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[2] The Magistrate Judge fully reviewed the first prong of Petitioner's claim; that his appellate counsel was ineffective for failing to argue that trial counsel was ineffective for not objecting to the competency determination of the child victim.

3

*Argument 2: Eight-year concurrent sentence*

With regard to Petitioner's second argument, Petitioner argued in his application for reopening that the State promised him an eight-year concurrent sentence and that he told his appellate counsel about the promised sentence, but his appellate counsel failed to raise the issue. In denying his application, the appellate court concluded that Petitioner was made fully aware of the trial court's discretion to disregard any plea agreement between Petitioner and the State. The trial court further fully explained, and received affirmation from Petitioner that he understood, that the trial court could impose consecutive sentences. The trial court explained the difference between consecutive and concurrent sentences and Petitioner again affirmed that he understood and that he wished to plead guilty. The appellate court concluded that "The record reflects that [Petitioner's] guilty pleas were made knowingly, intelligently, and voluntarily in spite of his claims to the contrary. Thus, his appellate counsel was not deficient for failing to raise this issue in his direct appeal as there was no reasonable probability of success." (Internal citations and quotations omitted). *State v. Parks*, 2006 WL 4642666, *2 (Ohio App. 7th Dist. May 23, 2006).

To satisfy the requirement of due process, a guilty plea must be voluntary, intelligent and uncoerced. *Boykin v. Alabama*, 395 U.S. 238 (1969). In order for a guilty plea to be entered knowingly and intelligently, the defendant must be reasonably informed of the legal options and alternatives that are available. *Boykin*, 395 U.S. at 243-44. "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative course of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). Thus, there is no violation of the Constitution where a guilty plea results from an intelligent act done with sufficient awareness of the relevant circumstances and likely consequences. *McMann v. Richardson*, 397 U.S. 759, 766 (1970).

The Supreme Court in *Santobello v. New York*, 404 U.S. 257, 262 (1971), held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." In *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986), cert. denied, 479 U.S. 1017 (1986), the Sixth Circuit held "that where Rule 11 procedures were fully adequate, absent extraordinary circumstances, or some explanation of why defendant did not reveal other terms, at least when specifically asked to do so by the court, a defendant's plea agreement consists of the terms revealed in open court. . . ." *Baker* at 90. See *Warner v. U.S.*, 975 F.2d 1207 (6th Cir. 1992).

The *Baker* Court relied on the following reasoning:

> This Court agrees with the reasoning of the fifth circuit [sic] in *Moore v. Estelle*, 526 F.2d 690 (5th Cir.), . . ., that where the court has scrupulously followed the required procedure, 'the defendant is bound by his statements in response to that court's inquiry.' 526 F.2d at 696-97, quoting *Jackson v. United States*, 512 F.2d 772, 773 (5th Cir. 1975). Plea bargaining 'is an essential component of the administration of justice. Properly administered, it is to be encouraged.' *Santobello v. New York*, 404 U.S. 257, 260, 92 S.Ct. 495, 497, 30 L.Ed.2d 427 (1971). It is impossible for a trial judge to properly administer a plea agreement if it consists of secret terms known only to the parties. Furthermore, 'a plea bargain itself is contractual in nature and 'subject to contract-law standards.'' *United States v. Krasn*, 614 F.2d 1229, 1233 (9th Cir. 1980), quoting *United States v. Arnett*, 628 F.2d 1162, 1164 (9th Cir. 1979). To allow defendant to attempt to prove by affidavit that the agreement is otherwise than it appears, unambiguously, on a thorough record would violate established contract-law standards.

*Baker*, 781 F.2d at 90. Petitioner's allegation in his Petition simply states "a broken plea promise of 8-years to run concurrently with two individual cases." He provides no facts to "show a reasonable probability that he would have pleaded differently." *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2003) The state record sets forth that at the plea hearing, Petitioner acknowledged that he understood he was pleading to six counts of rape involving a victim under age 10 and that the statute stated "whoever violates [this section of the statute] shall be

5

imprisoned for life." (Resp. Exh. 5 at 80.) The trial court then stated that the sentence applied to each of the counts and that it was mandatory, over which the court has no discretion. *Id.* at 81. Petitioner acknowledged that he understood. The trial court also ascertained that Petitioner understood that the sentences could be ordered to be served consecutively or concurrently, and that he understood the difference. The trial court further asked Petitioner whether he understood that even though there was a sentence recommendation from the prosecutor it was not binding on the court. Petitioner indicated that he understood. The trial court reiterated that all negotiations had been between "yourself, your attorney, and the Prosecutor's Office" and that those negotiations are not binding on the court and that the trial "court is at liberty and at its discretion will sentence you in the manner it deems fit." Petitioner again answered affirmatively. Lastly, the trial court asked if Petitioner was satisfied with the services of his retained counsel; Petitioner said yes. *Id.* at 80-87

As Petitioner has not demonstrated a reasonable probability that he would not have pled guilty or shown any prejudice, the state appellate court's application of federal law was neither contrary to nor an unreasonable application of federal law.

### *Argument 3 "Carbon-Copy" indictment and Double Jeopardy*

Lastly, Petitioner argues that appellate counsel was ineffective for not raising a double jeopardy issue regarding a carbon-copy indictment. The state appellate court ruled as follows:

> {¶15} Appellant claims in this assignment of error that his appellate counsel was ineffective for failing to argue that his indictment subjected him to double jeopardy. He argues that the indictment was improper because each count was identical. Thus, he claims he was repeatedly convicted of the same offense.
>
> {¶16} However, Appellant's indictment reflects that he was indicted for six separate rape offenses. Further, each offense is a violation of R.C. § 2907.02(A)(1)(b). As Appellant contends, the charges were essentially identical since the offenses were violations of the same statute. However, Appellant fails to mention that each charged offense is different in that it alleges a violation of

6

> R.C. § 2907.02(A)(1)(b) in a different month of the year 2003. (July 1, 2003, Indictment.)
>
> {¶17} Further, each charged offense in Appellant's indictment closely resembles the indictment form presented in R.C. § 2941.05, in that each count contains a description of the offense, "in the words of the section of the Revised Code describing the offense." R.C. § 2941.05. Thus, each count gave Appellant sufficient notice of the offenses with which he was charged. R.C. § 2941.05.
>
> {¶18} Based on the foregoing, this assignment of error lacks merit as there was no reasonable probability of success had Appellant's appellate counsel presented this argument on appeal.

*State v. Parks*, 2006 WL 4642666, *3 (Ohio App. 7th Dist. May 23, 2006).

The Fifth Amendment Double Jeopardy Clause protects a defendant against multiple punishments for the same offense. *Monge v. California*, 524 U.S. 721, 727-28 (1998). In *Russell v. United States*, 369 U.S. 749 (1962), the Supreme Court summarized the two prong test used to measure the sufficiency of indictments: "1) whether the indictment contains the elements of the offense intended to be charged and sufficiently apprizes the defendant of what he must be prepared to meet; and 2) whether the indictment enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Id*. at 763-64. (citations omitted.) While the federal right to a grand jury indictment has never been found to be incorporated against the states, see *Hurtado v. California*, 110 U.S. 516, 534-35 (1884), courts have found that the due process rights enunciated in *Russell* are required not only in federal indictments but also in state criminal charges. See *Valentine v. Konteh*, 395 F.3d 626, 631 (6th Cir. 2005); *Isaac v. Grider*, 2000 WL 571959, Case No. 98-6376, at *4 (6th Cir. 2000).

Due process also requires an indictment to provide sufficient notice to allow the defendant to prepare an adequate defense. *Hughes v. Carlton*, 2005 WL 3338726, Case No. 3:05-0120, *3 (M.D. Tenn. Dec. 8, 2005) (citing *United States v. Odom*, 252 F.3d 1289, 1298 (11th Cir. 2001). Further, due process may be satisfied if a defendant receives actual notice of

7

the charges against him, even if the indictment is insufficient. Id. (citing *Odom* at 1298; *Hustline v. Morris*, 819 F.2d 861, 864 (8th Cir. 1987)).

In the case at bar, the state appellate court reasonably applied federal law and found that the indictment gave Petitioner sufficient notice of the offenses for which he was charged as each indictment was for a different month. Moreover, Petitioner signed a plea sheet and a waiver of rights form in which he acknowledged that his lawyer explained the nature of the offenses charged in the indictment, including the nature and elements of each charge to which he pled: "(1) [e]ngage[d] in sexual conduct (2) with another not offender's spouse when the victim was under the age of ten and (3) venue." (Resp. Exh. 3, Question 13.) Also, Petitioner admitted that his lawyer explained the offenses charged in the indictment, the offenses to which he pled guilty, and the consequences of pleading guilty. *Id*. at Question 10. During the plea colloquy, Petitioner stated that he discussed the plea form with his attorney and acknowledged understanding it.

Based on the record, the indictment was not defective and the trial court sufficiently explained the process. Petitioner, therefore, was not denied effective assistance of counsel on this claim.

### B.  Petitioner contends that the Court should allow him to amend his Petition

On November 13, 2007, Petitioner filed his first request to stay these proceedings pending resolution of his motion to withdraw his guilty plea. In this request Petitioner asked for an additional 60 days to refile an amended petition after his state court remedies had been exhausted. On July 1, 2008, the court granted the stay, but denied Petitioner's motion to amend his petition. Petitioner did not object at that time, nor did he ever proffer the amendment he would make or state why he believed he needed to amend his petition. Lastly, a request to

8

amend his Petition is not an objection to the magistrate's report and recommendation. Accordingly, this issue is not properly before this Court.

### III. CONCLUSION

For the reasons set forth herein, Petitioner's first objection is SUSTAINED in part and OVERRULED in part, and the remaining objections are OVERRULED. The Court ADOPTS the Magistrate Judge's Report (Doc. 22) in all aspects other than those discussed herein. The Petition for Habeas Corpus is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

DATE: February 16, 2011                    */s/ John R. Adams*_____
                                           Judge John R. Adams
                                           UNITED STATES DISTRICT COURT