UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES M. PARKS | ) | CASE NO. 5:07CV2596 |
| | ) | |
| Petitoner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **ORDER AND DECISION** |
| DAVID BOBBY, [1] | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter appears before the Court on Petitioner Parks' Motion for Reconsideration. Doc 27.  For the following reasons, Parks' motion is DENIED.

**I.      PROCEDURAL HISTORY**

On August 27, 2007, Parks filed a writ of habeas corpus.   On May 6, 2008, Parks filed a motion requesting, among other things, that the Court allow him to amend his habeas corpus petition.  The court denied the request to amend.  On May 21, 2008 and June 26, 2008, Parks again requested permission to amend his petition.  The court denied his requests on July 1, 2008.

On May 25, 2010, the Magistrate Judge filed a report and recommendation.  On June 16, 2010, Parks filed objections to the report and recommendation.  The Court overruled those objections on February 16, 2011.  Parks then filed this motion for reconsideration.

**II.      LAW AND ANALYSIS**

A motion for reconsideration is extraordinary in nature because it disturbs the finality of judgment.  *See Plaskon Electronic Materials, Inc. v. Allied-Signal, Inc*., 904 F. Supp. 644, 669 (N.D. Ohio 1995).   "Generally,   there   are   three   major   situations   which   justify   a   court

---

[1] Bennie Kelly is the current Warden at Trumbull Correctional Institution, where Parks is currently being housed.

reconsidering one of its orders: '(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice." *Id.* citing *Bermingham v. Sony Corp. of America, Inc.,* 820 F. Supp. 834, 856 (D.N.J.1992), aff'd, 37 F.3d 1485 (3rd Cir.1993).  Motions for reconsideration are not to be used "to renew arguments already considered and rejected by a court."  *McConocha v. Blue Cross & Blue Shield Mut. Of Oh.*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996).

### A. Parks' Motion For Reconsideration Is Merely Requesting That The Court Review Arguments Already Considered And Rejected.

#### a.  Ineffective Assistance of Counsel

Parks argues that the Court should reconsider its ruling dismissing his petition for habeas corpus because he was denied effective assistance of counsel.  This argument was thoroughly reviewed by the Court in its February 16, 2011 order.  As stated in that order, there is sufficient evidence in the record to conclude that Parks voluntarily, knowingly and intelligently pled guilty. Parks does not argue a change in controlling law, that there is new evidence or present sufficient facts to show clear error; Parks merely reargues ineffective assistance of counsel, a claim that was previously considered and rejected by the Court.  Therefore, the Court declines to reconsider Parks' claim of ineffective assistance of counsel.

#### b.  Traverse

In the alternative Parks asks the Court to allow him to file a delayed traverse.  It appears that Parks merely seeks to use the delayed traverse as an alternative way to amend his petition. Parks' motions to amend his petition have been considered and denied.  The Court declines to reconsider the denial of Parks' motions to amend.

Furthermore, Parks did not provide any explanation as to why he did not timely file a traverse.  Parks should have filed his traverse within the permitted time.  The Court declines to

2

reconsider the dismissal of Parks' petition for habeas corpus in order to allow him to file a traverse.

**B.  Parks' Cannot Now Argue Actual Innocence.**

The Court also declines to reconsider the dismissal of Parks' petition for habeas corpus on the theory of actual innocence.  Having found that Parks knowingly, voluntarily, and intelligently admitted to the offenses stated in the Court's order (Doc 25 p.8), the Court will not now allow Parks to argue actual innocence.

**III.    CONCLUSION**

For the reasons set forth herein, the Court denies Parks' motion for reconsideration.

The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.


DATE: April 12, 2011                          */s/ John R. Adams*_____
                                              Judge John R. Adams
                                              UNITED STATES DISTRICT COURT